GILIKIN & EDWARDS v. NORFOLK SOUTHERN RAILROAD COMPANY
AND NEW YORK, PHILIDELPHIA AND NORFOLK
RAILROAD COMPANY.

(Filed 26 September, 1917.)

1. Carriers of Goods—Damages—Notice—Connecting Lines—Commerce.

   Sufficient notice of damages to the initial carrier of an interstate shipment of goods is sufficient notice to the connecting carrier in the line of carriage.

2. Appeal and Error—Pleadings—Amendments—Court's Discretion.

   It is discretionary with the trial court, in an action for damages to a shipment of goods by interstate carriage, to permit an amendment alleging that written notice had been given within the four months.

3. Carriers of Goods—Connecting Lines—Negligence—Commerce.

   Under the Carmack Amendment, a connecting carrier in an interstate shipment is liable for damages for its negligence therein, and may be sued alone at plaintiff's option; and while the initial carrier may also be held liable, a direction of the court exculpating the latter from damages does not necessarily relieve the former from liability.

**4. Carriers of Goods—Negligence—"Act of God"—Trials—Evidence—Questions for Jury.**

Where the evidence is conflicting as to whether damage was caused to a shipment of perishable goods by the negligent delay of a connecting carrier, or by a storm, "an act of God," or whether the shipment would otherwise have reached its destination in time to have avoided the injury, the issue is properly left to the determination of the jury.

APPEAL by New York and Norfolk Railroad Company from *Stacy, J.,* at March Term, 1917, of CARTERET.

*D. L. Ward for plaintiffs.*
*Moore & Dunn and George R. Allen for defendant N. Y., P. and N. R. R. Co.*

CLARK, C. J.  This is an action for damages for delay in two shipments of Irish potatoes and other vegetables from Beaufort, N. C., to New York.  It is admitted in the pleadings that the Norfolk Southern Railroad delivered said shipments on schedule time to the New York, Philadelphia and Norfolk Railroad Company, but there was a delay of about two days at Port Norfolk after delivery to the other defendant, which alleged and offered evidence that this was due to a storm of great and unusual violence.  The produce was delayed and did not reach New York till two days over schedule time, when the potatoes had suffered injury and the other vegetables were a total loss.  The evidence of reasonable time from Beaufort to New York was five days, the defendants' schedule time for through freight.  The notice to the initial carrier was sufficient notice of the claim under the statute.  *Aydlett v. R. R.,* 172 N. C., 47.  The court permitted an amendment to the complaint to allege that written notice was served on 16 June, 1915, being within the four months.  This was a matter in the discretion of the court.  The consignees sold the potatoes at a loss and sent proceeds to the plaintiff, less commission, and refused the other vegetables because they had become worthless by delay in delivery.

The question whether the delay was caused by circumstances beyond the control of the defendants, usually styled "act of God," or was caused by the negligence of the carrier, was submitted to the jury, who found for the plaintiffs.  The evidence was uncontradicted that the goods were delivered on schedule time by the Norfolk Southern to the other defendant.  The court thereupon directed the jury to return a verdict exculpating the Norfolk Southern.  Neither the plaintiffs nor the other defendant excepted to this.  It is true that under the "Carmack Amendment" the plaintiff might have held the Norfolk Southern, but the plaintiff does not except.  The other defendant could be sued at option of the plaintiff.  *Aydlett v. R. R., supra.*

There was evidence that both shipments could have been delivered in time but for the negligent delay of the N. Y., P. & N. R. R. Company. It offered evidence to the contrary, and especially insisted that the evidence showed that if the second shipment had been received in New York in regular course, it would have gotten there on Saturday and the Fruit and Producers' Association would not have unloaded it. There was evidence for the plaintiff that if these goods had been delivered on regular schedule time they would have gotten there on Friday at least, and could have been unloaded, and that the first shipment had been delayed two days at Port Norfolk at the identical time that other barges went on to Cape Charles en route to make connections by rail for New York.

This phase of the case was entirely an issue of fact, and the jury, under careful and proper instructions from the court, have found for the plaintiff as to both shipments.

No error.